IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MADELENE SMITH, as the surviving spouse and wrongful death beneficiary of Hugh Max Smith, Jr., deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYNE COUNTY, GEORGIA, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:23-cv-27 |

**O R D E R**

This matter is before the Court on Defendants' Motion to Stay Discovery.[1] Doc. 14. Plaintiff filed a Response, opposing Defendants' Motion. Doc. 20. The Motion is ripe for review. For the reasons explained below, the Court **GRANTS** Defendants' Motion to Stay Discovery. This stay will lift automatically upon the issuance of this Court's ruling on the motions to dismiss, if any claims remain pending. If the case remains pending after a ruling on the motions to dismiss, the parties shall confer within 14 days of the ruling and file a new Rule 26(f) report within 7 days of the conference.[2]

---

[1] Defendant Jeffords brought this Motion to Stay, and all other Defendants adopted it by Notice. Doc. 17. Plaintiff questions whether this procedure is proper. Doc. 20 at 10. In these circumstances, the Court will permit all other Defendants to adopt Defendant Jeffords's Motion to Stay.

[2] The parties recently filed a Rule 26(f) report proposing discovery deadlines within a certain number of days of either the denial of a stay or the expiration of a stay, if granted. Doc. 25. However, the duration of the stay is uncertain. Therefore, the Court directs the parties to file a new Rule 26(f) report, if the case remains pending after the Court rules on the motions to dismiss. Accordingly, the Court **DIRECTS** the Clerk of Court to **TERMINATE** the Report at Docket Number 25.

Plaintiff brought this suit, asserting 42 U.S.C. § 1983 claims, negligence, negligence per se, imputed negligence, negligent supervision and training, breach of public and legal duties, wrongful death, and loss of consortium. Doc. 1-1. Defendants removed the case from the Superior Court of Wayne County, Georgia, to this Court on February 20, 2023. Doc. 1. Defendants filed motions for a more definite statement, docs. 5, 6, and Plaintiff then filed an Amended Complaint, doc. 9. All Defendants have now moved to dismiss the Amended Complaint. Docs. 13, 15. Defendant Jeffords filed this Motion to Stay, and all other Defendants adopted the request. Docs. 14, 17.

Defendants argue discovery should be stayed because their motions to dismiss are meritorious and dispositive, because a stay will promote judicial economy and avoid undue expense, and because a stay will not prejudice the parties. Doc. 14 at 3. Plaintiff contends a stay is not appropriate because Defendants' motions to dismiss are not meritorious. Doc. 20. Plaintiff argues Defendants' motions to dismiss are deficient because they are based on a single procedural issue, whether Plaintiff's Amended Complaint is an impermissible "shotgun pleading" that violates Federal Rule of Civil Procedure 8(a)(2). Id.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where

2

there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997)) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendants have met their burden to show a stay is necessary.  A "preliminary peek" at Defendants' motions to dismiss reveals the motions would dispose of the entire case, if granted. Sams, 2016 WL 3339764 at *6; Docs. 13, 15.  Thus, entering a stay in this case could avoid needless discovery.  While ruling on the motions to dismiss is a decision for the District Judge,

3

Defendants' motions appear to have some merit.  Plaintiff insists Defendants' motions to dismiss will fail and a stay will only "delay the start of the real work ahead . . . ."  Doc. 20 at 11.  The undersigned makes no assessment whether the motions to dismiss will ultimately succeed, only that Defendants' arguments for dismissal are not frivolous or lacking entirely in merit and the motions do not appear to be interposed for delay.  See Williams v. City of Savannah, No. CV421-272, 2022 WL 18717415, at *1 (S.D. Ga. Jan. 28, 2022) (citing Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005) ("However, at this stage, the Court does not find the Defendants' arguments for dismissal so frivolous or non-meritorious to conclude that they have been interposed for the purpose of delay.").

A stay will not likely cause harm or prejudice to either party.  It is unnecessary for any party to conduct any discovery related to the currently pending motions to dismiss.  And there is no indication a stay poses any risk of prejudice or could lead to the destruction of evidence.

While there is no per se rule discovery is stayed every time a motion to dismiss is filed, the principle expressed in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is pertinent to the case at hand.  See 123 F.3d at 1368.  As explained above, a brief review of Defendants' motions to dismiss, docs. 13, 15, reveals they have raised plausible challenges to the legal sufficiency of Plaintiff's Amended Complaint.  If the Court were to grant Defendants' motions to dismiss, this lawsuit could be dismissed in its entirety.  Because the motions to dismiss could potentially resolve the entire case and litigation costs could be avoided, the Court finds good cause to stay discovery.

Accordingly, the Court **GRANTS** Defendants' Motion to Stay Discovery.  This stay will lift automatically upon the issuance of this Court's ruling on the motions to dismiss, if any claims remain pending.  If the case remains pending after a ruling on the motions to dismiss, the

parties shall confer within 14 days of the ruling and file a new Rule 26(f) report within 7 days of the conference.

**SO ORDERED**, this 1st day of May, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA