IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MADELINE SMITH, as the surviving spouse and wrongful death beneficiary of Hugh Max Smith, Jr., deceased,

    Plaintiff,

    v.

WAYNE COUNTY, GEORGIA, et al.,

    Defendants.

CIVIL ACTION NO.: 2:23-cv-27

**O R D E R**

This matter is before the Court on Defendants' Joint Motion to Stay.  Doc. 37.  Plaintiff filed a response.  Doc. 40.  Defendants filed a reply.  Doc. 46.  The motion is ripe for review.  For the reasons explained below, the Court **GRANTS** Defendants' Motion to Stay.  This stay will lift automatically upon the issuance of this Court's ruling on the motions to dismiss if claims remain pending, and the parties shall confer within 14 days of the ruling and file a new Rule 26(f) report within 7 days of the conference.[1]

This is Defendants' second request to stay discovery while motions to dismiss are pending.  Defendants filed an initial motion to stay together with their motions to dismiss Plaintiff's Amended Complaint on March 23, 2023.  Docs. 13, 15 (Defendants' motions to dismiss Plaintiff's Amended Complaint); Doc. 14 (Defendants' first motion to stay).  The Court

---

[1] The parties recently filed a Rule 26(f) report proposing discovery deadlines to occur a certain number of days from either the denial of a stay or the expiration of a stay, if granted.  Doc. 35.  However, the duration of the stay is uncertain.  Therefore, the Court directs the parties to file a new Rule 26(f) report if the case remains pending after the Court rules on the pending motions to dismiss.  Accordingly, the Court **DIRECTS** the Clerk of Court to **TERMINATE** the Report at Docket Number 35.

granted Defendants' first motion to stay. Doc. 26. On May 31, 2023, the Court denied Defendants' first two motions to dismiss, lifting the stay. Doc. 29. Plaintiff filed her Second Amended Complaint on June 5, 2023. Doc. 31. Defendants filed motions to dismiss Plaintiff's Second Amended Complaint on June 20, 2023, and those motions are currently pending. Docs. 34, 36. Defendants filed this second motion to stay on June 23, 2023. Doc. 37.

Defendants argue discovery should be stayed again because a "stay may eliminate the need for significant discovery . . . ." Id. at 4. Plaintiff opposes the stay in part. Doc. 40 at 2–3. Plaintiff argues the Court should grant the stay, with the exception of limited initial disclosures required under Federal Rule of Civil Procedure 26(a)(1)(A)(i). Id. Plaintiff contends a complete stay is not appropriate because Defendants' motions to dismiss lack merit, are interposed for delay, and are not case dispositive. Id. In reply, Defendants argue a complete stay, including initial disclosures, is warranted because their motions to dismiss are meritorious and a stay presents no danger of prejudice to Plaintiff. Doc. 46 at 3–6.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011

2

WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendants have met their burden of showing a stay is necessary, including a stay of initial disclosure obligations.  This case is essentially in the same place it was when the Court granted Defendants' first motion to stay.  Defendants have filed motions to dismiss Plaintiff's Second Amended Complaint based on Federal Rule of Civil Procedure 8(a).  Compare Docs. 13 & 15 with Docs. 34 & 36.  The undersigned has conducted the required "preliminary peek" of

3

the motions to dismiss and concludes, if granted, the motions would be case dispositive.[2]  The motions to dismiss also appear to have some merit, considering the Court accepted some similar arguments in ruling on Defendants' initial motions to dismiss.  Defendants' motions to dismiss are based exclusively on legal argument, not factual circumstances, so there is no need for discovery to resolve them.  Although the Court denied Defendants' initial motions to dismiss Plaintiff's First Amended Complaint, the Court found Plaintiff's First Amended Complaint violated Rule 8(a) and warned "Plaintiff's failure to timely file a second amended complaint that conforms with Rule 8(a)(2) will result in her claims being dismissed with prejudice."  Doc. 29 at 19.  Therefore, if Defendants' current motions to dismiss succeed, any discovery—even limited initial disclosures—will constitute unnecessary costs to the parties.

Plaintiff argues Defendants should disclose all potential witnesses under Rule 26(a)(1)(A)(i) so she can "assess the risk of whether some witnesses might soon become permanently unavailable."  Doc. 40 at 3.  Plaintiff indicates she would move for "early discovery" if she identifies a witness that might become unavailable.  Id.  This is not a compelling reason to require initial disclosures at this point.  The general availability of witnesses is a concern in all cases.  Plaintiff is likely aware of many potential witnesses in this case, as demonstrated by the several individuals identified in Plaintiff's Second Amended Complaint.  If Plaintiff has concerns about a specific potential witness's availability, she may bring those arguments and ask for an exception to the stay.  However, a stay does not appear to harm or prejudice Plaintiff at this time.

---

[2]    Plaintiff argues Defendants' motions are not dispositive, because if they succeed, Plaintiff's pendant state-law claims will be remanded to a Georgia Superior Court, where the case will continue.  Doc. 40 at 2.  Defendants disagree and argue Eleventh Circuit authority demonstrates any state-law claims should be dismissed without prejudice and not remanded.  Doc. 46 at 4–6.  For the purposes of this motion to stay, the undersigned assumes—without deciding—if Defendants' motions to dismiss succeed, the Court will dismiss Plaintiff's claims, not remand them.

Accordingly, the Court **GRANTS** Defendants' Motion to Stay Discovery. This stay will lift automatically upon the issuance of this Court's ruling on the motions to dismiss, if any claims remain pending, and the parties shall confer within 14 days of the ruling and file a new Rule 26(f) report within 7 days of the conference.

**SO ORDERED**, this 31st day of July, 2023.

/s/ B. Cheesbro

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA